# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN WILSON, | Case No. 1:20-cv-01430-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| TORRES, *et al.*, | (ECF No. 12) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ian Wilson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 7, 2020, and paid the filing fee on November 24, 2020. As Plaintiff's complaint was unsigned, the Court stuck it from the record. Plaintiff filed a first amended complaint on November 10, 2020 (Doc. 9) which was screened by the Court. The Court found Plaintiff had stated cognizable claims and was given the option to notify the Court that he was willing to proceed on the cognizable claims or he could amend the complaint. (Doc. 11.) Plaintiff second amended complaint, filed on March 25, 2021, is currently before the court for screening. (Doc. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California.  The events in the complaint allegedly arose at Valley State Prison.  Plaintiff names the following defendants: (1) Rachelle Torres, doctor; (2) Delia Pagal, RN; (3) Harminder Longia, PT&S; and (4) Kiran Toor, doctor.

Plaintiff's claim 1 alleges a right to medical care.  Plaintiff alleges as follows:

> "In October, 2019, defendant Longia cancelled scheduled surgery for a reason unrelated to the need for surgery.  Plaintiff had been diagnosed with hypercele and surgery had been deemed necessary. Defendant Longia knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Defendant Longia is liable.

> "On or about August 15, 2019, Defendant Toor noted bilateral hydrocele which appears to be chronic.  Regardless, defendant Toor did not do anything for the plaintiff

2

to relieve his pain and discomfort (i.e., no medication was given).

"In October, 2019, defendant Pagal cancelled scheduled surgery for a reason unrelated to the need for surgery. Defendant Pagal knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

"On or about March 24, 202, Defendant Torres cancelled surgery for reasons unrelated to the need for surgery. Defendant Torres was aware of the substantial risk of serious harm to the plaintiff but disregarded that risk by failing to take reasonable measures to abate it."

In claim 2, Plaintiff alleges "federal tort claims act" and "state tort claims" of "professional negligence, "and reincorporates the prior allegations."

As remedies, Plaintiff seeks monetary damages.

**III. Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A.  Request for Judicial Notice of Prior Complaints**

Plaintiff states he relies "upon his prior /previous filings with this court," and asks the Court to take judicial notice of these filings.

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court takes judicial notice of the federal dockets and filings available through the PACER system. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (under Federal Rule of Evidence 201, courts may take judicial notice of facts contained in public records that are not subject to reasonable dispute). The Court takes judicial notice of its docket and that Plaintiff has filed prior complaints. However, the Court does not take judicial notice of the contents of prior filings or the facts alleged therein because these are facts subject to reasonable dispute.

Moreover, in the Court's screening order, Plaintiff was advised that an amended

3

complaint supersedes the original complaint, and that his amended complaint must be complete in itself without reference to the prior or superseded pleadings. Plaintiff was told that the amended complaint must be complete in and of itself. (See Doc. 11, p.13.) Plaintiff has failed to follow the Court's orders.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it, once again, is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. The allegations in the second amended complaint are less clear than the prior complaint. Specifically, Plaintiff fails to identify the facts of what each of the defendants did or did not do which caused his constitutional violations. The allegations are mere "threadbare recitals of the elements of the cause of action." It is unclear what each defendant did in response to Plaintiff's complaint of pain. Plaintiff has been unable to cure this deficiency.

### C. Supervisor Liability

Insofar as Plaintiff is attempting to sue any defendants as a supervisor, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or

knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See *Willard v. Cal. Dep't of Corr. & Rehab.,* No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

### D. Deliberate Indifference to Serious Medical Needs

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

5

indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842. Also, "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment," *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted), or when they fail to respond to a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v*

6

*Gamble*, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; see also *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir 2004). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.' " *Toguchi*, 391 F.3d at 1058.

Plaintiff has alleged a serious medical need. He alleges he was diagnosed with hypercele. But Plaintiff fails to allege sufficient factual support that each defendant was deliberately indifferent to his medical need.

<u>Defendant Longia</u>

Plaintiff fails to state a cognizable claim against Longia for the October 2019 denial of the scheduled surgery. Plaintiff's allegations merely show a difference of opinion. While the surgery was "deemed necessary," Plaintiff's conclusory allegations that Longia "knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it" are insufficient to state a claim. Plaintiff fails to allege any factual allegations to support his conclusory allegation. As Plaintiff has been previously informed, mere recitation of the elements does not state a cognizable claim.

<u>Defendant Toor</u>

Plaintiff fails to state a cognizable claim against Defendant Toor. Plaintiff fails to allege

7

that Defendant Toor knew that Plaintiff was in pain or that Plaintiff told Defendant Toor he was in pain.

### Defendant Torres

Plaintiff fails to state a claim against Defendant Torres for the March 24, 2020 cancellation of the surgery. Plaintiff state the cancellation was "for reasons unrelated to the need for surgery," but fails to identify the reasons or why the cancellation violated his constitutional rights. A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez*, 891 F.2d at 242. Plaintiff's conclusory allegations that Defendant Torres "was aware of the substantial risk of serious harm to plaintiff but disregarded that risk by failing to take reasonable measures to abate it" are insufficient to state a claim. Plaintiff fails to allege any factual allegations to support his conclusory allegation. As Plaintiff has been previously informed, mere recitation of the elements does not state a cognizable claim.

Further, the documents attached to the complaint, Headquarters' Level Response to Plaintiff's Health Care appeal, (Doc. 12, p.6-7) dated August 26, 2020, states that one of the reasons for the cancellation was due the COVID-19 crisis in which only urgent and emergent health care services would be scheduled. The Headquarters' Level Response states that specialty and routine care may be delayed due to minimizing inmate movement. Whether Plaintiff considered his condition "urgent to emergent" shows a difference of medical opinion.

### Defendant Pagal

Similarly, Plaintiff fails to state a cognizable claim against Defendant Pagal for cancelling the approved surgery in October 2019. Like the other defendants, Plaintiff states conclusory allegations, merely reciting the elements of the claims without any factual support. Plaintiff's conclusory allegations that Defendant Pagal "was aware of the substantial risk of serious harm to plaintiff but disregarded that risk by failing to take reasonable measures to abate it" are insufficient to state a claim. Plaintiff fails to allege any factual allegations to support his conclusory allegation.

### E. State Law Claims and "Federal Tort Claims Act"

In claim 2, Plaintiff appears to be attempting to allege claims based upon violations of California law. Plaintiff alleges professional negligence and possibly tort claims against each Defendant.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has failed to state a cognizable claim.

In claim 2, Plaintiff also states he is alleging a claim under the "Federal Tort Claims Act" ("FTCA"). Plaintiff fails to state a claim. The FTCA waives the sovereign immunity of the United States and provides a remedy for acts or omissions by federal employees that constitute torts under state law. See 28 U.S.C. § 1346; *FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994). *See*, e.g., *Osborn v. Haley*, 549 U.S. 225, 229-32 (2007) (the United States is the proper defendant under the FTCA for claims that a federal employee committed a tort within the scope of his or her employment). Plaintiff has not alleged that any named defendant is a federal employee, and Plaintiff could not plausibly so allege since the allegations in the second amended complaint occurred while he was incarcerated at a state institution, by conduct of state actors.

### III. Conclusion and Recommendations

For the reasons stated, Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2021**         /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE