# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN WILSON,<br><br>          Plaintiff,<br><br>     v.<br><br>TORRES, *et al.*,<br><br>          Defendants. | Case No.  1:20-cv-01430-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW SECOND AMENDED COMPLAINT<br>(ECF No. 14.)<br><br>ORDER VACATING MARCH 31, 2021 FINDINGS AND RECOMMENDATIONS<br>(ECF No. 13)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Ian Wilson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 8, 2021, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims identified by the Court.  (ECF No. 11.)  Plaintiff opted to file a second amended complaint.  (ECF No. 12.)  After screening the second amended complaint, the Court issued findings and recommendations regarding dismissal of this action for failure to state a claim.  (ECF No. 13.)  Plaintiff timely filed objections on April 16, 2021.  (ECF No. 14.)

In his objections, Plaintiff requests that the Court strike his second amended complaint and allow him to proceed on the first amended complaint and the cognizable claims identified in the Court's March 8, 2021 screening order. Plaintiff states that his second amended complaint was merely an attempt to cure the defect in his tort claim, but in every other way he intended to fully defer to the screening order. Plaintiff states that he consents to the terms of the March 8, 2021 screening order and agrees to proceed on those claims deemed cognizable, or alternatively requests leave to file another amended complaint that would mirror the first amended complaint. (*Id.*)

Pursuant to Plaintiff's objections, and his included request to proceed on the first amended complaint, the Court finds it appropriate to vacate the March 31, 2021 findings and recommendations regarding dismissal of action for failure to state a claim and to withdraw the second amended complaint. The Court further issues new findings and recommendations that this case proceed on Plaintiff's first amended complaint and the cognizable claims therein, as discussed below.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

///

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison in Chowchilla, California. The events in the complaint allegedly arose at Valley State Prison. Plaintiff names the following defendants: (1) Rachelle Torres, doctor; (2) Delia Pagal, RN; (3) Harminder Longia, PT&S; (4) Kiran Toor, doctor; (5) Harpreet Gill, P&S; (6) Wei Gu, P&S; (7) California Correctional Health Care Services "CCHCS"; and (8) Does 1–10.

In claim 1, Plaintiff alleges deliberate indifference to medical needs by denying or delaying his medical care and treatment. Plaintiff alleges that as far back as May 2019, Plaintiff complained about his enlarged testicles. On May 30, 2019, Defendant Longia, the physician manager, assessed the medical condition (hydrocele) as a priority. Defendant Gill diagnosed Plaintiff with an "enlarged left testicle" and submitted an RFS for an ultrasound. Plaintiff complained about the sensitivity and pain. Plaintiff was again examined on June 14, 2019 by Defendant Gu, who took no additional action. On July 10, 2019, Defendant Gill reviewed the scrotal report and noted a very large hydrocele with floating internal echoes. Plaintiff was seen on July 17, 2019 on Plaintiff's complaint that he has had a hydrocele for quite a long time, and it has been enlarging and causing discomfort. Defendant Gill claims in his report that he ordered a hydrocele support. Plaintiff alleges that the "support" was not provided. Defendant Gill also said that he would refer Plaintiff to urology for further evaluation.

At this point, Plaintiff had the condition for 2 months had not received any substantial or meaningful treatment despite his severe pain, discomfort and inability to perform normal daily activities. Plaintiff alleges that an August 12, 2019 treatment note states "case coordinator co-consult ref – I/P referred for scrotal support for hydrocele, but no order was placed for CME item.

EUHT review. PT with HX of scrotal pain with documented hydrocele. DX hydrocele." The note does not mention referral to urology even though the request for services did. The DME for the scrotal support was not placed, causing further delay and unnecessary infliction of pain. During May–July 2019, Plaintiff persisted in complaining; he informed the CCHCS that the pain was getting much work and his testicle was getting more swollen and insisted on some kind of relief. He did not get any.

On August 11, 2019, Plaintiff hobbled to "the TTA" advising staff he could not walk, and he had not been referred to urology. As a result, Plaintiff was seen by Defendant Toor on August 15, 2019. Toor noted "bilateral hydrocele with appears to be chronic." But did not provide anything to the patient including the scrotal support. Toor reported "given the size of the lesion, I will order a scrotal support on the weekday for more comfort." He did not mention a pending urology appointed. Meanwhile, Plaintiff was in agony. Up until this time frame, nothing had been done or provided to Plaintiff. He was left, untreated, in acute discomfort, pain and suffering. He was not given any pain medication.

After all this delay, on October 10, 2019, the urologist, Dr. Liu,[1] ordered immediate surgery. He examined Plaintiff and his medical file. CCHCS and staff were made aware of the treatment plan through the progress note. The plan stated that surgical repair was needed to address the large hydrocele on the left side and Plaintiff accepted the plan. On October 21, 2019, Defendant Torres saw Plaintiff and followed up on Dr. Liu's recommendations for surgery. The next day surgery was denied by Defendant Pagal and Longia. Defendant Pagal noted to Longia, who did not do any of his own due diligence, that Plaintiff did not have enough time left on his sentence to have the surgery or follow up. Plaintiff alleges that is completely wrong because Plaintiff had years left to serve in custody.

Plaintiff's medical history shows a long history of pain, but Pagal and Longia callously rescinded Dr. Torres' surgery request and Dr. Liu's recommendation. Plaintiff was not

---

[1] Plaintiff refers to this doctor as both Dr. Liu and Dr. Lui. The Court will adopt the spelling of "Liu." It does not appear Plaintiff is alleging any claims against Dr. Liu because he/she is not named as a defendant.

4

interviewed to find out his release date or study his file because his file shows he is serving a life sentence. A January 22, 2019 medical note states "discussed with PCP, chronic condition. Patient does not have enough time for appropriate follow up after surgery." The cancelation was signed by Longia on October 25, 2019 in response to Pagal's actions of October 22, 2019.

Thereafter, on November 21, 2019, Plaintiff told Torres that the December 25, 2019 surgery should not have been denied because Plaintiff has years left on his sentence and Plaintiff was in severe pain and suffering. Torres agreed to resubmit the request for services for hydrocelectomy and request for urology. Defendant Gu generated a request for services on November 22, 2019 and noted that Plaintiff "does not parole soon he has life sentence."

Many more months passed without surgery or any relief. His medical care was intentionally delayed and denied until Plaintiff filed his administrative grievance. After the November 22, 2019 request for services, and by March 24, 2020, Plaintiff still was without treatment or surgery. On this date, Plaintiff's appointment with urology for hydrocelectomy was cancelled by Defendant Torres. Plaintiff filed a grievance. In May 2020, Plaintiff got his surgery, after a year since CCHCS and the other defendants had been made aware of and knew of Plaintiff's need for medical treatment.

In claim 2, Plaintiff alleges professional negligence, medical malpractice and negligence. He realleges the facts from claim 1.

As remedies, Plaintiff sees compensatory and punitive damages.

**IV.   Discussion**

  **A.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*

*Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Specifically, plaintiff fails to identify what each of the defendants did or did not do. It is unclear what each defendant did in response to Plaintiff's complaint of pain.

### B.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to identify what each of the defendants did or did not do and to link each defendant to potential constitutional violations. Plaintiff refers to actions as CCHCS or staff. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. In addition, Plaintiff does not have any allegations against Defendants Does 1–10.

### C.     Supervisor Liability

Insofar as Plaintiff is attempting to sue any defendants as a supervisor, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*,

6

556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged

7

constitutional deprivation.").

### D. Eleventh Amendment Immunity

Plaintiff has identified California Correctional Health Care Services as a defendant in this action. However, CDCR is not a proper defendant because state agencies are immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

The State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Since the CDCR, the prison, and the departments within the prison are arms of the State, they are immune, and Plaintiff fails to state any claims against them. In particular, CCHCS is an arm of the state and is immune from suit.

### E. Deliberate Indifference to Serious Medical Needs

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,

8

and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842. Also, "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment," *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted), or when they fail to respond to a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v Gamble*, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

9

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir 2004). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058.

Defendant Longia

Plaintiff fails to allege a cognizable claim against Defendant Longia for Defendant's conduct on May 30, 2019. At that time, Defendant Longia assessed Plaintiff's medical condition as a priority. Plaintiff fails to allege that this conduct was a violation of his constitutional rights.

In May–July 2019, Plaintiff says he persisted in complaining that he was in pain and it was getting worse. This allegation fails to state a claim against any named defendant. Plaintiff fails to state who he complained to, what was said, and what the defendant said and did in response to Plaintiff's complaints.

Plaintiff states a cognizable claim against Longia for the denial of the approved surgery by Defendant Longia in October 2019. Liberally construing the allegations, Plaintiff alleges that he had been diagnosed with hypercele, surgery had been requested, the surgeon was consulted who recommended surgery as necessary, yet Longia cancelled the surgery for a reason unrelated to the need for surgery (that Patient did not have enough time for follow up after surgery). Liberally construing the allegations, Defendant Longia knew that Plaintiff faced "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

Defendant Gill

Plaintiff fails to state a claim against Defendant Gill. Plaintiff saw Defendant Gill in May 2019, when Defendant Gill diagnosed Plaintiff with an enlarged left testicle and submitted requests for services. In July 2019, Defendant Gill reviewed reports and ordered a hydrocele support and referred Plaintiff to urology. While Plaintiff alleges that the support was not provided, Plaintiff does not allege that Defendant Gill would have been the person who provided

the support to Plaintiff or that Defendant Gill knew the support was not provided. Defendant Gill's response was not deliberately indifferent because he ordered a support and referred him to urology.

Plaintiff refers to some treatment notes of August 12, 2019, but it is unclear who authored these notes. It is also unclear who Plaintiff complained of pain to as Plaintiff merely alleges what he "informed CCHCS" but does not identify any individual he complained to and what that individual's response was to the complaints of pain.

### Defendant Toor

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim against Defendant Toor for the conduct on August 15, 2019 and not providing Plaintiff medication when Plaintiff was in acute distress.

### Defendant Torres

Plaintiff fails to state a cognizable claim against Defendant Torres. Plaintiff alleges that Defendant Torres saw Plaintiff on October 21, 2019 and followed up on Dr. Liu's surgery recommendation. Plaintiff does not allege what Defendant Torres did or did not do which violated Plaintiff's constitutional rights. The allegations imply that Defendant Torres affirmed Dr. Liu's recommendation for surgery. Others, not Defendant Torres, cancelled Plaintiff's surgery in October 2019. In November 2019, after the surgery cancellation, Defendant Torres agreed to resubmit the request for surgery and urology.

Plaintiff may be able to state a claim against Defendant Torres for the March 24, 2020 cancellation of the urology appointment for the hydrocelectomy, but Plaintiff fails to allege the facts surrounding the cancellation. A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez*, 891 F.2d at 242.

### Defendant Pagal

Plaintiff states a cognizable claim against Pagal for the denial of the approved surgery by Defendant Pagal in October 2019. Liberally construing the allegations, Plaintiff alleges that he had been diagnosed with hypercele, surgery had been requested, the surgeon was consulted who

recommended surgery, yet Pagal cancelled the surgery for a reason unrelated to the need for surgery (that Patient did not have enough time for follow up after surgery).

Defendant Gu

Plaintiff fails to state a cognizable claim against Defendant Gu.  Plaintiff was examined on June 14, 2019 by Defendant Gu, who took no additional action.  Plaintiff fails to allege any facts as to what Plaintiff told Defendant Gu and what Defendant Gu did in response.  In short, Plaintiff fails to allege facts which support that Defendant Gu was deliberately indifferent to Plaintiff's medical condition.

When the surgery was cancelled in October 2019 on the onerous belief that Plaintiff was paroling soon, Defendant Gu submitted another request for surgery correcting the information and stating that Plaintiff has a life sentence and is not paroling.  This is insufficient to allege that Defendant Gu was deliberately indifferent to Plaintiff's medical condition.

**F.     Doe Defendants**

Plaintiff names Doe defendants in this action.  Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**G.     State Law Claims**

Plaintiff appears to be attempting to allege claims based upon violations of California law.  The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  *State v. Super. Ct. of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims

Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Id.* at 1239.

Here, Plaintiff has not included any allegations that he complied with the California Tort Claims Act which is fatal to his state law claims. Plaintiff has failed to state a claim under California law.

**V.      Order and Recommendation**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's request to withdraw the second amended complaint, (ECF No. 14), is GRANTED;
2. The Clerk of the Court is directed to withdraw the second amended complaint, (ECF No. 12); and
3. The findings and recommendations issued on March 31, 2021, (ECF No. 13), are VACATED.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint against: (1) Defendants Longia and Pagal for deliberate indifference to serious medical needs in violation of the Eighth Amendment for denial of the approved surgery in October 2019; and (2) Defendant Toor for deliberate indifference to serious medical needs in violation of the Eighth Amendment for the conduct on August 15, 2019 and not providing Plaintiff medication when Plaintiff was in acute distress; and
2. All other claims and defendants be dismissed from this action for failure to state a cognizable claim for relief.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within

the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2021**                    /s/ Barbara A. McAuliffe           
                                                         UNITED STATES MAGISTRATE JUDGE