# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TORRES, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01430-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND MODIFY SCHEDULING ORDER<br><br>(ECF No. 34) |

　　　　Plaintiff Ian Wilson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint for claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Longia and Pagal for allegedly cancelling an approved surgery in October 2019, and against Defendant Toor for allegedly not providing medication to Plaintiff on August 15, 2019.

　　　　On January 24, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to adequately and completely exhaust an available administrative remedy with respect to the allegations asserted in this action, (ECF No. 33), together with a motion to stay discovery and to vacate the discovery and dispositive motion deadlines pending resolution of their exhaustion motion for summary judgment, (ECF No. 34). Pursuant to the Court's August 25, 2021 Discovery and Scheduling Order, the deadline for the completion of all discovery is April

1   25, 2022, and the deadline for filing all dispositive motions is July 5, 2022.  (ECF No. 25.)

2         Although Plaintiff has not had the opportunity to file a response to Defendants' motion to
3   modify the discovery and scheduling order, the Court finds a response unnecessary.  The motion
4   is deemed submitted.  Local Rule 230(l).

5         Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
6   with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
7   considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
8   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
9   reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
10  not diligent, the inquiry should end.  *Id.*

11        In their motion, Defendants argue that the pending motion for summary judgment for
12  failure to exhaust administrative remedies will potentially dispose of the entire case, the parties
13  and the Court do not require additional information to decide the motion, and the expenditure of
14  resources required to conduct merits-based discovery and prepare a motion for summary
15  judgment on the merits will be needless if the Court grants Defendants' motion.  (ECF No. 34.)
16  Defendants therefore request that the Court stay merits-based discovery and vacate the deadlines
17  for merits-based discovery and dispositive motions until the motion for summary judgment on the
18  issue of exhaustion is resolved.  (*Id.*)

19        Having considered Defendants' moving papers, the Court finds good cause to stay merits-
20  based discovery and vacate the discovery and dispositive motion deadlines in this action.
21  Defendants have been diligent in filing the dispositive motion, and it would be a waste of the
22  resources of the Court and the parties to require the preparation of potentially unnecessary merits-
23  based discovery or the filing of unnecessary dispositive motions.

24        **However, to the extent Plaintiff has served discovery requests relating to the issue of**
25  **exhaustion of administrative remedies, Defendants are not relieved of their existing**
26  **obligation to timely respond to those requests**.  Given that Plaintiff has not had the opportunity
27  to respond to Defendants' motion to modify the discovery and scheduling order, the Court finds it
28  appropriate to require Defendants to complete any outstanding discovery requests related to the

1 | exhaustion issue, as required by the Court's Discovery and Scheduling Order.  Although
2 | Defendants argue that no further information is needed for the Court to decide the exhaustion
3 | motion, Plaintiff may well disagree.
4 |     Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the
5 | Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.
6 |     Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery and modify discovery and scheduling order, (ECF No. 34), is GRANTED;
2. All merits-based discovery is STAYED;
3. The merits-based discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **January 25, 2022**             /s/ *Barbara A. McAuliffe*            
                                                 UNITED STATES MAGISTRATE JUDGE